IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH, 1887.

## SARAH NELSON v. GEORGE NELSON.

ERROR TO THE COURT OF COMMON PLEAS OF JEFFERSON
COUNTY.

Argued October 4, 1887—Decided October 17, 1887.

In 1861, A. sold to D. by written contract a defined portion of a large tract of land. D. paid part of the purchase money, entered and continued in possession. In 1863, A. having died, his administrator, under an Orphans' Court order for the payment of debts, sold A.'s interest in the entire tract, and the title thus created became vested in P. In 1881, D. instituted proceedings in the Orphans' Court with notice to P., which resulted in a decree for the specific performance of the contract by the administrator d. b. n. of A. D. paid the purchase money and received a deed from said administrator under this decree. In 1883, P., claiming to own the legal title of A. under the Orphans' Court sale, brought ejectment against D. to recover the unpaid purchase money on the said contract:

*Held*, that the Orphans' Court sale did not affect the defendant's equitable title under the contract; that that court had jurisdiction to entertain his proceeding for specific performance, and the resulting decree, unappealed from and fully executed, entitled the defendant to a verdict.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 4 October Term 1887, Sup. Ct.; court below, No. 134 May Term 1883, C. P.

(278)

This was an equitable ejectment brought on April 5, 1883, by John Nelson[b] against George Nelson to enforce payment of a balance of purchase money for 62 acres of land in Snyder township sold by John Nelson[a] to said George Nelson. On November 9, 1885, the death of the plaintiff was suggested and Sarah Nelson, his administratrix, substituted. The plea was not guilty.

On April 1, 1861, John Nelson[a] by an agreement in writing sold to George Nelson the 62 acres of land now in dispute, part of a tract of 162 acres owned by the vendor, at five dollars per acre. The vendee paid $10 on the purchase money, took possession, made improvements and continued to reside upon the tract to the trial of the case.

On September 11, 1861, John Morrison entered a judgment in the Common Pleas against John Nelson,[a] Samuel Patton and Samuel Crawford for $575. In May, 1862, John Nelson[a] died intestate and letters of administration were granted to James Nelson, who in September, 1862, presented his petition to the Orphans' Court for leave to sell the real estate of the decedent, described as containing 162 acres. An auditor, to whom the petition was referred, reported in favor of the prayer, setting out that 62 acres of the tract had been sold by the decedent in his lifetime to George Nelson by agreement in writing, and that the vendee had not received a conveyance. A sale of the estate of the decedent in the lands described in the petition was then ordered and made to Samuel Patton, which sale was confirmed, and on February 13, 1863, a deed was delivered. On March 5, 1863, Samuel Patton conveyed the tract of 162 acres to James Nelson in his own right. On March 6, 1863, James Nelson filed his account as administrator of John Nelson,[a] taking credit therein for $605.41 paid by him to satisfy the judgment of John Morrison above referred to, and, in another item, for " Amount of article with George Nelson sold with land to Samuel Patton, with legal title, therefore not collectible, $325.94." On May 13, 1864, James Nelson was discharged as administrator of John Nelson,[a] and on July 6, 1865, he conveyed by deed the tract of 162 acres to John Nelson,[b] the plaintiff in this action.

---

[b] As there were two John Nelsons in the case, the plaintiff is designated as above and the other, the common source of title, will be John Nelson.[a]

Charge of Court below.

On October 12, 1881, letters of administration de bonis non upon the estate of John Nelson[a] were granted to William J. Nelson, and on November 10, 1881, George Nelson instituted proceedings in the Orphans' Court praying for the specific performance of his contract made with John Nelson[a]; which proceedings were with notice to John Nelson,[b] and resulted in a decree made on April 10, 1884, that, upon the payment of the balance of the purchase money, to wit, $721.28, with interest, into court, William J. Nelson, administrator d. b. n. of John Nelson,[a] should make, execute and deliver to George Nelson a deed for the land described in the petition.  This decree remained unappealed from.  The deed was delivered as ordered, on November 6, 1884, and the purchase money paid was subsequently distributed by an auditor, before whom the administratrix and heirs of John Nelson[b] appeared claiming part of the fund.

At the trial on May 18, 1886, the foregoing facts were shown, and the plaintiff presented the following points:

1. The sale by James Nelson, administrator of John Nelson,[a] to Samuel Patton, in pursuance of the order of the Orphans' Court, was a judicial sale, and vested in the said Patton the interest of said Nelson in the land in controversy, which subsequently became vested in John Nelson,[b] whose administratrix the plaintiff is.[4]

2. The interest of John Nelson[a] was the legal estate or title to the land in controversy, and he was entitled to the remainder of purchase money due on article of agreement.[4]

3. That under all the evidence in the case the verdict of the jury should be for the plaintiff.[4]

The court, THEOPHILUS S. WILSON, P. J., after reviewing the facts heretofore stated, charged the jury:—

[The counsel on both sides agree that the decision of the case depends on the legal question involved, which is, that if the sale made by the first administrator was valid and passed the title as against the right of the defendant, under his agreement of sale and purchase with John Nelson, then the plaintiff is entitled to the verdict; and if it did not, then, under the evidence submitted by the defence, the verdict should be for the defendant.][1]

[The court is clearly of the opinion that the first sale did

not affect the equitable title of the defendant, and therefore the title to the land in dispute acquired by him under the proceedings in the Orphans' Court for the specific performance of his contract, is the better title and must prevail as against the plaintiff.] [2]

The counsel have submitted points on both sides, but the ruling of the court disposes of them without further answer. [The jury are instructed to return a verdict for the defendant.] [3]

The jury having found for the defendant and judgment being entered, the plaintiff took this writ, assigning for error:

1. The part of the charge embraced in [ ].[1]
2. The part of the charge embraced in [ ].[2]
3. The part of the charge embraced in [ ].[3]
4. The refusal to affirm the plaintiff's points.[4]

*Mr. John Conrad*, for the plaintiff in error:

1. It was not contended on either side that the Orphans' Court sale made by James Nelson, the first administrator, in any way affected the equitable title of George Nelson in the land in dispute. He always was entitled to a conveyance on tender of the balance of the purchase money and interest. But that sale did transfer the legal title and vest it through the subsequent conveyances in the plaintiff; the plaintiff was therefore entitled to a conditional verdict.

2. The proceedings in the Orphans' Court for the specific performance of George Nelson's contract could not affect the legal title of the plaintiff. The John Nelson,[a] of whose estate Wm. J. Nelson was administrator d. b. n., had then no legal title to pass to George Nelson. That legal title had already passed out of the estate by the Orphans' Court sale.

3. This court sustained this Orphans' Court sale of the 162 acres in Lane v. Nelson, 79 Pa. 407. It was a valid judicial sale, and under it the purchaser succeeded to and was invested with all the interest the decedent had in the property sold at the time of his death: Leiper v. Irvine, 26 Pa. 54; Wilson v. Stoxe, 10 W. 434; McMullen v. Wenner, 16 S. & R. 18; Scott Intest. L. 345, 346; Bickley's Admr. v. Biddle, 33 Pa. 276; Smith v. Warden, 19 Pa. 424.

*Mr. Wm. P. Jenks* (with whom were *Messrs. Jenks & Clark*), for the defendant in error:

1. The Orphans' Court sale by James Nelson, as administrator, to Samuel Patton, did not pass the purchase money due on the contract with George Nelson. That purchase money was a chose in action and, as such, personal estate: Leiper's App., 35 Pa. 422; Rangler's App., 3 Pa. 377; Foster v. Harris, 10 Pa. 457; Rose v. Jessup, 19 Pa. 281; Longwell v. Bentley, 23 Pa. 99.

2. The statutes for specific performance, and for ejectment under § 5, act of April 9, 1849, P. L. 526, are statutory remedies as against the land and preclude all others. The defendant asserted his right regularly and lawfully against the personal representative of his vendor, and the plaintiff in this suit had notice. The decree rendered is unappealed from, unreversed, and is conclusive.

OPINION, MR. JUSTICE GREEN:

It is certainly quite astonishing that for twenty-one years after the death of the first John Nelson neither his administrator, nor James Nelson who purchased, as it is claimed, the right of John Nelson to have the residue of the purchase money due by George Nelson, ever made any attempt to recover it. Possibly the fact that James Nelson was both administrator of the deceased John Nelson, and also owner of the title which he sold to Patton who immediately reconveyed to him, may have something to do with the explanation; but, however that may be, it is very certain that George Nelson's equitable estate was not affected by the Orphans' Court sale. He at least had the right to have his title perfected by proper proceedings for the enforcement of the contract of sale, and when he presented his petition to the Orphans' Court for that purpose, that court certainly had jurisdiction to entertain his petition and give him relief. This was done, an administrator d. b. n. of the first John Nelson with whom the contract was made was appointed, the order for the delivery of a deed by the administrator and the payment of the balance of the purchase money to him by George Nelson was made, and the money was paid accordingly. After the money was paid to the administrator he filed his account and an auditor was appointed to distribute the money. Before the auditor the money was claimed by both the administrator of the first John

Nelson and by the second John Nelson. The auditor awarded it to the former and the latter excepted to his decision, but the court confirmed the report and from this decree no appeal was ever taken.

We know of no good reason for not holding the parties bound by this decree. It was made by a court having jurisdiction of the subject matter and of the parties. If the second John Nelson was dissatisfied, he or his representatives had a remedy by appeal; but they did not choose to avail themselves of that remedy and in our opinion they are concluded. If the court had jurisdiction and in pursuance of its decree George Nelson paid over to the proper person all the remainder of the purchase money which he owed, surely he cannot be compelled to pay that money a second time. Yet such would be the necessary consequence if the plaintiff recovered in the present case. We think the learned court below was right in holding that this could not be done and therefore

The judgment is affirmed.